**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**PIERRE RICHARD AUGUSTIN,**

       **Plaintiff,**

**vs.**                                         **Case No. 4:08mc30-RH/WCS**

**NEW CENTURY TRS HOLDING INC.,
NEW CENTURY LIQUIDATING TRUST,**

       **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed an emergency motion to request the issuance of notices to produce documents and subpoena duces tecum, doc. 1, and an emergency motion for IFP status in support of request for emergency motion to issue subpoenas duces tecum, doc. 2, and an affidavit in support of those documents, doc. 3.  Plaintiff's motion seeking leave to proceed *in forma pauperis*, doc. 4, has been granted in a separate order entered this day.

Plaintiff's case initiating documents, docs. 1-3, have been reviewed.  Plaintiff states he is seeking discovery documents from the Defendants, who Plaintiff contends are "non-parties" in a bankruptcy case pending in Delaware.  Doc. 1, pp. 4, 6-7.  Plaintiff also indicates he wants documents concerning the "$700 billion bailout to Financial Institutions on Wall Street . . . ."  *Id.*, at 8.

Plaintiff's motion, doc. 1, is unsigned.  That deficiency should not delay dismissal of this action.  Plaintiff's claims are frivolous, without any basis in fact or law.  There is no connection between Plaintiff or any Defendant named and this Court.  There is no demonstration as to why Plaintiff should proceed in the Northern District of Florida.

Title 28, United States Code, Section 1915(e) provides that a United States District Court may dismiss a case filed *in forma pauperis*, if the action is frivolous or malicious.  Among the cases which may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e) are those "based on an indisputably meritless legal theory," and "those claims whose factual contentions are clearly baseless."   Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Here, Plaintiff's allegations fall within the class of cases recognized in Neitzke.  The claims are unintelligible and fanciful and leave to amend would serve no purpose.  Clearly, Plaintiff is unable to articulate a coherent factual basis to support a claim, and therefore, *sua sponte* dismissal under § 1915(e) is appropriate.  *See* Phillips v. Mashburn, 746 F.2d 782, 784 (11th Cir. 1984).

It is therefore respectfully **RECOMMENDED** that this action be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and that all pending motions be denied.

**IN CHAMBERS** at Tallahassee, Florida, on November 19, 2008.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08mc30-RH/WCS